**Harold COMBS, Petitioner-Appellant,**

**v.**

**Harold J. CARDWELL, Warden, Respondent-Appellee.**

**No. 72–1195.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 5, 1972.

Decided Dec. 27, 1972.

Certiorari Denied March 19, 1973. See 93 S.Ct. 1520.

John G. Cobey (Court-appointed), Cohen, Todd, Kite & Spiegel, Cincinnati, Ohio, for petitioner-appellant.

Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee; William J. Brown, Atty. Gen. of Ohio, Columbus, Ohio, on brief.

Before EDWARDS, CELEBREZZE and MILLER, Circuit Judges.

PER CURIAM.

Appellant in this case appeals from denial of his petition for writ of habeas corpus entered in the United States District Court for the Southern District of Ohio. The District Judge who heard this case did so without an evidentiary hearing and on a narrative bill of exceptions which had been prepared for a state court appeal.

Appellant had been indicted in 1965 on charges of rape and burglary of an inhabited dwelling. He waived jury trial and was found guilty by the state trial judge. After examination at the Lima State Hospital, the sentences were suspended and for several years he was committed to the Lima State Hospital for treatment. He has since been returned

to the Ohio Penitentiary and now has been released on parole.

The only issues presented on this appeal are: 1. Is there a constitutional right to a transcript in a criminal case? 2. Does the government have the burden of proof to show that: (1) a constitutional right when waived is waived knowingly and voluntarily; and (2) that an alternative to the transcript is an accurate record and is not prejudicial to the appellant?

■ We note that the Supreme Court of the United States has repeatedly held that there is no absolute right to a transcript of a trial in a criminal case. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956), held in part that a state "may find other means [than providing stenographic transcripts] of affording adequate and effective appellate review to indigent defendants." *Id.* at 20, 76 S.Ct. at 591. *See also* Mayer v. City of Chicago, 404 U.S. 189, 92 S.Ct. 410, 30 L.Ed.2d 372 (1971).

■ At the time of appellant's trial it appears clear that appellant had the right to a recordation of his trial if he had requested such. Ohio Rev.Code § 2301.20 (1953). There is no indication in this record that such a request was ever made and we were informed at oral hearing that no transcript of the trial exists.

Appellant was represented at his state court trial by privately retained counsel. For purposes of appellant's state court appeal, a narrative bill of exceptions was prepared by appellant's counsel from his memory and from the trial notes of the state court judge. No deficiencies in that narrative bill of exceptions prejudicial to appellant have been called to our attention, and a review of the narrative bill of exceptions supports the finding of the District Judge that it contained a sufficient record for state appellate review of appellant's principal contention that the jury verdict was against the great weight of the evidence.

For these reasons, and for others spelled out more fully in the Memoran-

dum of Decision and Order filed by the District Court December 20, 1971, the judgment of the District Court is affirmed.